**UNITED STATES DISTRICT COURT**
**SOUTHEN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| INGRID YEARBY,                )  | |
|     Plaintiff,           ) | |
|                         ) | |
| v.                           ) | |
|                         ) | **VERIFIED COMPLAINT** |
| B&T FINANCIAL SERVICES, LLC, ) | (**Unlawful Debt Collection Practices**) |
|     Defendant.         ) | |

## PLAINTIFF'S VERIFIED COMPLAINT

INGRID YEARBY (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against B&T FINANCIAL SERVICES, LLC (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Florida; therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

4. Plaintiff is a natural person residing in Palm City, Martin County, Florida.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

6. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Germantown, Maryland.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around April of 2011, Defendant began placing calls to Plaintiff seeking and demanding payment on an alleged debt.

10. Defendant calls Plaintiff from 404-244-0334, and possibly other numbers also.

11. Defendant called Plaintiff at least twice per day during a two week span of April of 2011, seeking and demanding payment on the alleged debt.

12. Defendant leaves messages from a Scott Moody, referencing "case number 245673," but otherwise not providing meaningful disclosure of the caller's identity or the purpose of the call.

13. Defendant leaves messages stating that Plaintiff "has a case of fraud" in Defendant's office.

14. Defendant has, on no less than two occasions, called Plaintiff's father (who is not a co-debtor on the alleged debt) and disclosed to him the nature and amount of the debt, and questioned him whether he has the financial ability to pay and how much he has in his bank account.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated § 1692c(b) of the FDCPA by communicating with third parties, without the prior consent of the consumer, in connection with the collection of a debt;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person

      in connection with the collection of a debt;

  c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

  d. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

  e. Defendant violated § 1692e(10) of the FDCPA through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

  f. Defendant violated § 1692e(11) of the FDCPA through the failure to disclose, in the initial and/or subsequent communication with the consumer, that the debt collector is attempting to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiff, INGRID YEARBY, respectfully requests judgment be entered against Defendant, B&T FINANCIAL SERVICES, LLC, for the following:

16. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

18. Any other relief this Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        By: */s/ Shireen Hormozdi*
        Shireen Hormozdi
        Krohn & Moss, Ltd
        10474 Santa Monica Blvd. Suite 401
        Los Angeles, CA 90025
        Tel: (323) 988-2400 x 267
        Shormozdi@consumerlawcenter.com
        Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        )
COUNTY OF _____   )

Plaintiff, INGRID YEARBY, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, INGRID YEARBY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_9-22-11_____           _____Ingrid J. Yearby_____
Date                            INGRID YEARBY